JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| KENT SALVESON,<br><br>Plaintiff,<br><br>v.<br><br>HAL ROSS KESSLER,<br><br>Defendant. | Case No.: SACV 22-00310-CJC(ADSx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY [Dkt. 31] AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [Dkt. 25] |

## I.   INTRODUCTION & BACKGROUND

On February 26, 2022, Plaintiff Kent Salveson filed this action against his former attorney, Defendant Hal Ross Kessler, who Plaintiff had once hired to provide tax advice. (Dkt. 1 [Complaint, hereafter "Compl."].)  Plaintiff raises causes of action for breach of Defendant's duty of confidentiality and loyalty and for false light.  (*Id*.)  On April 1,

2022, Defendant moved to strike Plaintiff's complaint pursuant to California's anti-SLAPP statute. (Dkt. 13 [Motion to Strike].) The Court denied the motion. (Dkt. 23 [Order Denying Motion to Strike, hereafter "Order"].) The Court explained that Defendant's conduct—granting an interview (or multiple interviews) to a *Variety* reporter wherein the subject was Plaintiff, his former client—was not in connection with a public issue or an issue of public interest. (*Id.*) In his motion, Defendant argued that the relevant public issue or issue of public interest was the tragic, accidental shooting on the film set of a movie titled *Rust*. (*Id.* at 4.) Defendant urged that he was being sued unfairly for making "statements…regarding the October 21, 2021 tragic shooting and killing of a cinematographer on the movie set of 'Rust.'" (Motion to Strike at 6.) But Defendant made no showing that he said anything at all about the shooting to the *Variety* reporter. Rather, by even his own account, Defendant's speech centered on Plaintiff's tax troubles and practices. (Order at 4-5.) Plaintiff's connection with *Rust* was that his daughter was one of the film's producers. (*Id.*) The Court concluded:

> Defendant has offered no legal support for the proposition that an aspect of Plaintiff's life—his tax practices and problems—that are distinct from a matter of public interest—the *Rust* shooting—become part and parcel of the matter of public interest by mere virtue of Plaintiff's familial relationship with someone tied to the matter of public interest. Under such a proposition, there would be no logical end as to what aspects of Plaintiff's life could be categorized a matter of public interest.

(*Id.* at 5.)

On May 10, 2022, Defendant appealed the Court's order denying his anti-SLAPP motion. (Dkt. 24 [Notice of Appeal].) That same day, Plaintiff filed a motion for attorney's fees. (Dkt. 25 [Motion for Attorney's Fees].) On May 18, 2022, Defendant filed a motion to stay this case pending the outcome of his appeal. (Dkt. 31 [Motion to

Stay].) For the following reasons, the Court **GRANTS** Defendant's motion to stay and **DENIES WITHOUT PREJUDICE** Plaintiff's motion for attorney's fees.[1]

## II.   DISCUSSION

Although the parties neglect this important point in their briefing, it seems settled among the district courts in this state that a stay of these proceedings is mandatory. *See Breazeale v. Victim Servs., Inc.*, 2015 WL 13687730, at *1 (N.D. Cal. Sept. 14, 2015); *Liberi v. Taitz*, 2011 WL 13315686, at *2 (C.D. Cal. Aug. 19, 2011) (staying case despite "concern[] that California's Anti-SLAPP statute can provide a weapon that unnecessarily delays a case[.]"); *In re NCAA Student-Athlete Name & Likeness Litig.*, 2010 WL 5644656, at *3 (N.D. Cal. Dec. 17, 2010) (noting that appeal of order denying anti-SLAPP motion "imposes an automatic stay of all proceedings related to the issues raised in its anti-SLAPP motion to strike."); *Tanedo v. E. Baton Rouge Par. Sch. Bd.*, 2012 WL 12920642, at *2 (C.D. Cal. Mar. 30, 2012); *Youngevity Int'l v. Smith*, 2018 WL 3426266, at *1 (S.D. Cal. July 16, 2018). The Court sees no reason to stray from its sister courts on this issue. Because Defendant's anti-SLAPP motion was directed at the entirety of Plaintiff's complaint, this case must be stayed in its entirety. *See In re NCAA Student-Athlete Name & Likeness Litig.*, 2010 WL 564456 at *3 ("Because that motion addressed the entirety of Keller's original complaint, the stay encompasses proceedings and discovery on Keller's claims against EA contained therein.")

Courts also have broad discretion to defer ruling on attorney's fees motions pending an appeal on the merits. *See Freeman Inv. Mgmt. Co. v. Frank Russell Co.*, 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9, 2017). When, for example, "the claim for fees

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 27, 2022, at 1:30 p.m. is hereby vacated and off calendar.

involves substantial issues or *is likely to be affected by the appellate decision*, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58, Advisory Committee's Note to 1993 Amendment (emphasis added). When a defendant prevails on an anti-SLAPP motion, the defendant is entitled to attorney's fees. Cal. Code Civ. Proc. § 425.16(c)(1). When a defendant's anti-SLAPP motion is denied, however, the plaintiff *may* be entitled to attorney's fees if the motion was "frivolous or is solely intended to cause unnecessary delay." *Id*. Courts sometimes rule on attorney's fees motions made by prevailing defendants even when the plaintiff has appealed the court's grant of the defendant's anti-SLAPP motion. *See, e.g.*, *Smith v. Payne*, 2013 WL 1615850, at *2 (N.D. Cal. Apr. 15, 2013). That makes sense, because in that posture, the district court does not have to evaluate the merits of the anti-SLAPP motion, given that the award of fees to prevailing defendants is mandatory pursuant to California's anti-SLAPP statute. The posture of this case is different. The Court could only award Plaintiff attorney's fees by evaluating the merits—or lack thereof—of Defendant's anti-SLAPP motion. That is precisely what Defendant's appeal asks the Ninth Circuit to do. The Court finds that it would be rather inefficient for it to rule on a fees motion that is intertwined with the merits of the same anti-SLAPP motion whose merits the Ninth Circuit will soon evaluate, especially when the remainder of the proceedings beyond the fees motion must be stayed.

\\
\\
\\
\\
\\
\\
\\

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion to stay is **GRANTED**. Plaintiff's motion for attorney's fees is **DENIED WITHOUT PREJUDICE** for Plaintiff to renew if Defendant's appeal is unsuccessful. The Court **STAYS** these proceedings pending the outcome of Defendant's appeal.[2]

DATED:    June 14, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asks the Court to demand Defendant post a bond while these proceedings are stayed. Plaintiff, however, offers no relevant authority for that request. Plaintiff does cite Federal Rule of Civil Procedure 62(b), but that rule relates to staying the enforcement of a judgment. No judgment has been entered here. Plaintiff's request for a bond is **DENIED**.