O

# United States District Court
# Central District of California

| | |
|---|---|
| KENT SALVESON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HAL ROSS KESSLER, ESQ.,<br><br>　　　　Defendant. | Case № 8:22-cv-00310-ODW (ADSx)<br><br>**REASSIGNMENT ORDER** |

Pursuant to the Order of the Chief Judge, this case has been reassigned to the calendar of the Honorable Otis D. Wright, II.

**IT IS FURTHER ORDERED** as follows:

1. All counsel shall familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and all applicable standing orders.[1] "Counsel," as used in this order, includes parties appearing *pro se*.

2. This Court does not exempt parties appearing *pro se* from compliance with any of the Local Rules, including Local Rules 16 and 7-3.

---

[1] The Local Rules are available on the Central District of California website at www.cacd.uscourts.gov and Judge Wright's procedures and standing orders are available at https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii.

3. All matters previously referred to a magistrate judge shall remain before that magistrate judge.

4. Cases previously referred to an Alternative Dispute Resolution ("ADR") process shall proceed under the terms of the applicable ADR local rules. Dates for previously scheduled ADR conferences shall remain in effect.

5. All discovery cutoff dates and other deadlines associated with this case, such as disclosure and expert deadlines, shall remain in effect.

6. Except for matters noticed before a magistrate judge, all currently pending law and motion hearing dates are **VACATED**. However, the opposition and reply deadlines will remain based on the previously noticed hearing date or scheduling order. Unless otherwise ordered, the motion will be taken under submission without oral argument when briefing is complete.

7. All previously scheduled scheduling conferences are **VACATED**. However, the deadline to file the parties' Joint Report pursuant to Federal Rule of Civil Procedure 26(f) will remain based on the previously scheduled scheduling conference.

8. All pretrial conferences and trial dates currently set for dates earlier than August 26, 2024, are **VACATED**.

9. All pretrial conferences and trial dates currently set for August 26, 2024, or thereafter, as well as other deadlines associated with the case, shall remain in effect.

10. Each party is expected to review and become familiar with all applicable standing orders, which are posted on the Court's website.

11. The parties shall file a Joint Case Management Statement **within fifteen (15) days of the date of this Order**. Separate statements are appropriate if any party is proceeding without counsel. The statement should **not exceed 10 pages** in length, should not contain attachments, and should address the following items in the following order:

      a.      The date the case was filed;

      b.      A list identifying or describing each party;

      c.      A brief summary of all claims, counter-claims, cross-claims, or third-party claims;

      d.      A brief description of the events underlying the action;

      e.      A description of the relief sought and the damages claimed with an explanation of how damages have been (or will be) computed;

      f.      The status of discovery, including any significant discovery management issues, as well the applicable cut-off dates;

      g.      A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, and any appellate proceedings that are pending or concluded;

      h.      A description of any other deadlines in place before reassignment;

      i.      Whether the parties will consent to a magistrate judge for trial[2];

      j.      A statement from each parties' counsel indicating they have (1) discussed the magistrate judge consent program with their respective client(s), and (2) met and conferred to discuss the consent program and selection of a magistrate judge; and

      k.      Whether there exists an immediate need for a case management conference to be scheduled in the action and, if so, why the parties believe such a need exists.

---

[2] Under 28 U.S.C. § 636, the parties may consent to have a magistrate judge preside over all proceedings, including trial. The magistrate judges who accept those designations are identified on the Central District's website at http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consentmagistrate-judges, which also contains a link to the consent form CV-11D.

The Court thanks the parties and their counsel for their anticipated cooperation in complying with these requirements.

**IT IS SO ORDERED.**

June 4, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**